IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| EDUARDO GUADALUPE VIZCAYNO, TDCJ No. 2042663, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:19-cv-083-O |
| CARL SCHWIRT, et al., | § § § | |
| Defendants. | § | |

## ORDER DISMISSING CASE

This is a civil rights action filed by an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. Plaintiff claims that he has suffered discrimination, hazing, retaliation, slander, and denial of daily showers at the Allred Unit. *See* Amended Complaint, ECF No. 12 at 3-4. He seeks injunctive relief. *Id.* at 4.

On December 31, 2020, a questionnaire was issued to Plaintiff. *See* ECF No. 14. His answers to the questions are necessary for the Court to determine whether he has stated a colorable civil rights claim. Plaintiff was ordered to file his answers by January 21, 2021. *Id.* at 1. Review of the Clerk's docket sheet reflects that Plaintiff has failed to submit answers to the Court's questions as ordered.

Rule 41(b), Federal Rules of Civil Procedure, allows the District Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal *with prejudice* for want of

prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.* In the instant case, Plaintiff has failed to respond to the Court's questionnaire. Absent compliance with the Court's order, this case cannot proceed.

Considering the status of the case, the imposition of fines and costs is not appropriate. Although he has failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency are best served by dismissal of this action without prejudice. Plaintiff does not provide dates as to the occurrence of the events underlying his lawsuit. As such, it is not clear as to whether Plaintiff's claims could be time-barred upon dismissal. Therefore, Plaintiff may reopen this case within 30 days of the date of this order by filing a motion to reopen along with a complete set of answers to the Court's questionnaire.

For the foregoing reasons, this action is **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution.

**SO ORDERED** this **29th day** of **January, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE